### GREEN v. MARTIN'S ESTATE.

EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF CLAIM IN FOREIGN STATE—EVIDENCE.

> Order of allowance or judgment on claim against executors in foreign State is no evidence of debt against ancillary administrator in this State.

Appeal from Clinton; Collingwood (Charles B.), J., presiding. Submitted October 27, 1931. (Docket No. 17, Calendar No. 35,841.) Decided January 4, 1932.

Elizabeth Green presented her claim against the estate of Roland S. Martin, deceased. From order

of disallowance, she appealed to circuit court. Judgment for defendant. Plaintiff appeals. Affirmed.

*Fehling & Parmenter,* for plaintiff.

*Smith, Hunter & Spaulding* (*Lilley & Wilson* and *Charles W. Austin,* of counsel), for defendant.

Clark, C. J. Roland S. Martin died testate domiciled in Pennsylvania. The will was duly admitted to probate there. Ancillary administrator with will annexed was appointed in Clinton county, Michigan. Plaintiff made claim against the estate in Pennsylvania and it was allowed and paid in part, the estate not having sufficient funds to pay creditors in full. She then made claim against the estate in Michigan. It was disallowed in probate court and also on appeal in circuit court. Plaintiff has appealed.

The only proof of claim made in the trial court was a certified copy of order of allowance and proceedings thereon in the orphans' court of Sullivan county, Pennsylvania. This was an utter failure of proof. There is no privity between the executors in Pennsylvania and the administrator here. The order of allowance or judgment on the claim against the executors in Pennsylvania is no evidence of a debt against the ancillary administrator here. The reason is well stated in *Johnson* v. *Powers,* 139 U. S. 156 (11 Sup. Ct. 525):

"It is for those who assert this privity to show wherein it lies, and the argument for it seems to be this: That the judgment against the administrator is against the estate of the intestate, and that his estate, wheresoever situate, is liable to pay his debts; therefore the plaintiff, having once established his claim against the estate by the judgment

of a court, should not be called on to make proof of it again. This argument assumes that the judgment is *in rem,* and not *in personam,* or that the estate has a sort of corporate entity and unity. But this is not true, either in fact or in legal construction. The judgment is against the person of the administrator, that he shall pay the debt of the intestate out of the funds committed to his care. If there be another administrator in another State, liable to pay the same debt, he may be subjected to a like judgment upon the same demand, but the assets in his hands cannot be affected by a judgment to which he is personally a stranger. * * * The laws and courts of a State can only affect persons and things within their jurisdiction. Consequently, both as to the administrator and the property confided to him, a judgment in another State is *res inter alios acta.* It cannot be even *prima facie* evidence of a debt; for if it have any effect at all, it must be as a judgment, and operate by way of estoppel. (*Stacy* v. *Thrasher*) 6 How. 44, 60, 61.''

See, also, *Hill* v. *Tucker,* 13 How. (U. S.) 458; *Brown* v. *Fletcher's Estate,* 210 U. S. 82 (28 Sup. Ct. 702), affirming *Brown* v. *Fletcher's Estate,* 146 Mich. 401 (15 L. R. A. [N. S.] 632, 123 Am. St. Rep. 233); 24 C. J. p. 1117; 11 R. C. L. p. 431.

Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.