.Charles P. Goodall, Plaintiff in error, v. Joseph W. Tucker, Executor of Abner Robinson, deceased.

The principles laid down in the preceding case of Hill v. Tucker, again affirmed.

This case, like the preceding one, of Hill v. Tucker, was brought up, by writ of error, from the Circuit Court of the United States for the Eastern District of Louisiana.

They were argued together, and differed only in there being different plaintiffs. The cause of action in this case is stated in the opinion of the court; and the reader is referred to the report of the preceding case for the arguments of counsel.

Mr. Justice WAYNE delivered the opinion of the court.

This cause was tried by the judge without a jury and the legal propositions raised by counsel in the course of the trial were decided by him, to which exceptions were taken, as if they had been instructions to a jury.

The cause of action is the following single bill, which was executed at Richmond in Virginia:

" On demand, we, Abner Robinson, Isham Puckett, and J. P. Wilkinson, promise to pay to Charles P. Goodall, his executors or administrators, the sum of four thousand nine hundred and twenty-six dollars and twenty-seven cents, ($4,926.27,) lawful money of these United States, for the faithful performance of which promise we bind ourselves, our heirs, executors, administrators, and assigns, as witness our hands and seals, this 6th day of September, 1839.  ABNER ROBINSON.  [SEAL.]
ISHAM PUCKETT.  [SEAL.]
JAMES P. WILKINSON."  [SEAL.]

It may as well be here stated that it was proved upon the trial that Wilkinson and Puckett were sureties and that the debt had been reduced to $1,432, with interest from the 1st January, 1846.

In October, 1842, Goodall brought suit in the Henrico County Court against the three obligors. Robinson was too ill to attend to the process, and afterwards died. The suit was prosecuted to judgment against Wilkinson in March, 1843, and abated as to the other defendants.

Execution was awarded upon the judgment and a return made " no effects found."

In February, 1848, Goodall filed his petition against Tucker in the Circuit Court of the United States for Louisiana, alleging the above facts; when the same proceedings took place which are mentioned in the case of Catharine Hill.

There is a good deal of documentary evidence in the record, which we shall not notice, as it does not in any way affect the decision which should have been given upon the prayers of the plaintiff. See preceding case of Hill *v.* Tucker.

Those prayers were, with the defendant prayers, as follows :

" After the evidence was offered the plaintiff asked, the court to decide, as if instructing a jury upon the evidence :

1st. That if the testator Robinson by his will left four executors, that Joseph Allen and W. R. Johnson, citizens of Virginia, were two of those executors; and if they only qualified in Virginia, in the county of the domicil of the testator; and if the plaintiff, upon a valid and subsisting cause of action, instituted suit in the Henrico County Court, in Virginia, against the only executors of the testator who had qualified ; and if the plaintiff had obtained judgment regularly in that court, and it was a court of competent jurisdiction to hear and determine said cause; and if the plaintiff, having thus obtained judgment against the only qualified executors of the domicil of the decedent, regularly issued his execution on that judgment, and had thereon a return by the sheriff of *nulla bona ;* and if the defendant was also an executor of the same testator appointed by the same will, and as such had taken upon himself the execution of said will according to the laws of Louisiana, where he resided; and if, as executor of Robinson, the defendant has ample estate of his testator in his hands to pay the debts ; and if all these facts are proven and established by the evidence, that then the plaintiff is entitled to recover judgment against the defendant for the amount of the judgment against the executors who qualified in Virginia.

2d. That the exemplification of the record and the judgment obtained by the plaintiff against the executors Allen and Johnson, and the return of *nulla bona* thereon, are evidence against the defendant, a co-executor in Louisiana.

3d. That co-executors, unlike co-administrators, are privies in estate, because they derive the same privities over the same estate from the same will; and that under the will of Robinson, which was read, and the proofs of the qualification which were offered in this case, the plaintiff is entitled to recover against the defendant the amount of the judgment obtained by him against the only acting executors of the domicil of the decedent.

4th. That if the plaintiff is not authorized to recover against the defendant on the mere production of the record of the judgment against his co-executors in Virginia, who alone made probate of the will there, and qualified, that he is entitled to recover, on proving that the original cause of action on which that judgment was founded was a just, valid, and subsisting demand

against the testator Robinson, and the additional fact that the estate in the hands of the executors of the domicil of the testator in Virginia was exhausted, and that the defendant or co-executor has ample estate in his hands in Louisiana.

5th. That independent of the record of the judgment in Virginia, the plaintiff has a right to recover against the defendant as executor of Robinson, upon the bond filed and proven, the amount of the balance due on that bond.

6th. That the original cause of action on which the judgment in the Henrico County Court is established and proven and a recovery thereon is not barred by the prescriptive laws of Louisiana.

7th. That upon all the evidence offered, the plaintiff is entitled to a judgment in his favor.

8th. That the suit in Virginia against the co-executor was a judicial interpellation which would stop the running of prescription against the demand which was the cause of action in that suit. All of which the court overruled, and the plaintiff excepted.

And upon the facts proven the defendant asked the court to decide : 1st. That the Virginia judgment against the co-executors was not evidence against the defendant; 2d. That the original cause of action on which that judgment was rendered was barred as to the defendant by prescription; and, 3d. That upon the whole evidence the defendant was entitled to judgment in his favor. To all which plaintiff objected, and the court overruled his objections, and gave the decisions as asked by defendant; and to these several opinions plaintiff excepted.

And the defendant objected to each and all of said propositions, and the court sustained severally the objections of defendant, and refused to decide any one of said propositions as asked by the plaintiff. To each of which several opinions and decisions the plaintiff at the time excepted."

The court in sustaining the latter has erred.

We think that all of the prayers for the plaintiff were properly made, and that conjointly they make an issue decidedly in his favor. See opinion in case of Hill *v.* Tucker.

We shall not notice them more particularly than to say, that the suit upon the bond in Virginia, was a judicial interpellation which stopped the Louisiana prescription from running against the cause of action in that suit and in this suit.

Further the record shows that this suit was brought in Louisiana within the time that its law fixes for prescribing actions upon such a demand.

The judgment is reversed, and the case will be remanded for further proceedings in conformity with this decision.

## *Order.*

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions to proceed therein in conformity to the opinion of this court.