Creighton v. Murphy, Neal & Co.

REVERSED AND REMANDED.

JOHN A. CREIGHTON, ADMINISTRATOR OF THE ESTATE OF EDWARD CREIGHTON, DECEASED, PLAINTIFF IN ERROR, v. MURPHY, NEAL, & CO., DEFENDANTS IN ERROR.

Estates of Decedents: FOREIGN JUDGMENT. In 1874 M. commenced an action in Iowa against C., who appeared and filed an answer denying all the facts stated in the petition. Soon afterwards C. died, having his domicile in Nebraska. J. A. C. was appointed administrator in this state, and on his application was appointed administrator in Iowa, and appeared and answered in the action. Judgment was rendered against him as administrator; which was filed in Nebraska as a claim against the estate, and was allowed. *Held*, that the judgment was final and conclusive, and a charge upon the estate.

ERROR from the district court for Douglas county. The opinion states the case.

*Woolworth & Munger*, for plaintiff in error.

I. At the common law a partnership debt cannot be collected from the estate of a deceased partner, unless the survivor is shown to be insolvent.

1. The assets of a partnership must be applied to pay partnership debts, and the estate of an individual member thereof must be applied to pay his debts. Partnership debts cannot share in the estate of the

member until all his personal debts have been paid, and his personal debts cannot share in the partnership assets until all its debts have been paid. *Filley v. Phelps*, 18 Conn., 294. *United States v. Hack*, 8 Peters, 275. *Murril v. Neil*, 8 How., 414.

2. The death of a partner invests the survivors with the exclusive right of possession and management of the whole partnership property, free from any interference therewith by his representatives. Having the assets, and being charged with the administration, their duty is to pay the partnership debts to the full extent of the means placed by the law in their hands.

3. Accordingly, actions for the recovery of partnership debts can only be maintained against the survivors; no proceeding for the purpose can be maintained against the representatives of the deceased partner, at least not until the remedies against the survivors have been exhausted, or have been shown to be unavailing. *Lange v. Keppele*, 1 Binn., 123. *Wilder v. Keeler*, 3 Paige, 167. *Sturges v. Beach*, 1 Conn., 507. *Alsop v. Mather*, 8 Ib., 554. *Voorhees v. Child's Executor*, 17 N. Y., 354. *Pope v. Cole*, 55 Ib., 124. *Hubble v. Perrin*, 3 Ohio, 287. *The Trustees, etc., v. Lawrence*, 11 Paige, 80. *S. C. on Appeal*, 2 Denio, 577. *Troy, &c., Factory v. Winslow*, 11 Blatch., 513. *Bloodgood v. Bruen*, 8 N. Y., 362. *Van Reimsdyke v. Kane*, 1 Gal., 371.

II. This rule of the common law has not been changed by the statute of Nebraska. The provision of the statute invoked in this behalf, in support of the decisions of the county and district courts, is not applicable to partnership contracts; and if it were, does not justify an allowance of the claim and order for its payment. A partnership debt does not arise on a joint contract in the sense in which those terms are used in the statute. Parsons on Part., sec. 356.

*John D. Howe* (*Mayne & Key* and *Sapp & Lyman* with him), for defendants in error.

I. The amended answer sets up nothing but what should have been pleaded and relied on in the original case. If the decedent, or the administrator, had any confidence in the matters now alleged herein, they should have insisted on them before judgment. It is now too late. The administrator was in privity in law with the decedent, and the judgment has the same effect as it would have had had E. Creighton survived the final judgment, and it had been rendered against him. (See 45 Ia., 179, where this case is reported, also case at p. 149.) And the judgment of a sister state is protected by peculiar sanctions. U. S. Const., art. IV., sec. 1. Act of Cong., 26th of May, 1790. *Stacy v. Thrasher*, 6 How. U. S., 44. *Dykes v. Woodhouse*, 3 Rand., 287. 3 Wash. C., C. 17. 16 Curtis, 596. *O'Hagen v. O'Hagen*, 14 Ia., 267–8, 16 Mass. 71. 1 Pet., 692.

II. The position of plaintiff in error—that actions for the recovery of partnership debts can only be maintained against the survivors—is unsound. Nor is it necessary to show that the survivors have been pursued to insolvency. Even the cases that he cites in support of his main proposition show that insolvency of the survivors may be shown at law. 17 N. Y., 354. 55 N. Y., 124. It is true that the rule relied on by counsel is supported by eminent authority. Where the question is an open one, it is difficult, not to say impossible, to see why it should be held to. A line of thoroughly reasoned cases holds the contrary rule. *Camp v. Grant*, 21 Conn., 41. Coll. on Part., secs. 584, 580, 623, 337 to 347, 68 to 76. Story's Part., sec. 379 n. secs., 363, 362, 377. *Allen v. Wells*, 22 Pick.,

452–3–4. *Ex parte* Hayden, 1 Bro. C. C., 454. 17 Ves., 207. *Sparhawk v. Russell*, 10 Metc., 305, 307. 7 Smedes & M., 280. *Wilkinson v. Henderson*, 1 Myl. & Keene, 582–3. *Lammersley v. Lambert*, 2 J. Ch., 508–511. 3 Kent Com., 64 (4th ed.) *Belknap v. Abbott*, 11 Ohio, 411. *Belle v. Newman*, 5 Serg. & R., 78. *Findly v. Hosmer*, 2 Conn., 352.

MAXWELL, CH. J.

On the twenty-fifth day of January, 1874, the defendants in error commenced an action in the district court of Pottawattomie county, Iowa, against Edward Creighton to recover the sum of $2,800.23, with interest and costs. The action was founded on a breach of contract, the contract having been made in 1871 between the defendants in error and The Far West Freight Company, a copartnership of which Edward Creighton was a member. Personal service in Iowa was had upon Creighton, and in August, 1874, he filed an answer to the petition in said cause, denying all of the facts stated therein. On or about the fifth day of November, 1874, Edward Creighton died, being at that time a resident of this state. On the tenth day of that month the plaintiff was appointed special administrator of the estate, and on the twentieth day of March, 1875, he was appointed administrator of said estate by the probate court of Douglas county. On the sixteenth day of December, 1874, the plaintiff applied to the circuit court of Pottawattomie county, Iowa, asking to be appointed administrator of said estate, alleging as ground therefor the pendency of the above action. He was appointed such administrator, and on the eighteenth day of November, 1875, filed an answer denying the facts stated in the petition, and also denying the jurisdiction of the court. The district court sustained its jurisdiction,

which judgment was affirmed by the supreme court of that state. Final judgment was rendered against said plaintiff, administrator of said estate, in November, 1877, for the sum of $2,678.73, and costs, and said administrator was directed to pay the judgment, interest, and costs, out of the assets of the estate. A transcript of the judgment being filed in the county court of Douglas county was allowed as a claim against said estate. The plaintiff appealed to the district court of Douglas county. As cause why the claim should not be allowed, the plaintiff filed the following answer: "The Far West Freight Company was a copartnership doing business in this state and the territories west thereof, whereof the said intestate and Charles M. Ellias and James F. Aglar were the members. The said partnership was formed and commenced its business on or about the fifteenth day of December, 1869, and existed undissolved at the death of the said intestate, having large and valuable assets over and above its debts and liabilities, all of which, at the death of the said intestate, came to the hands of the said survivors, and have been administered by them as surviving partners of said co-partnership, and they, as such surviving partners, still have the same in their hands ready to be applied to the payment of the said debts; that the estate of the intestate remains unsettled in the county court of this county, its debts not yet all paid, and its assets not yet all collected; that during the life of the said intestate, an accounting was had between him and his said partners to a certain day, whereby it was ascertained and agreed that after the payment of all the debts of the said partnership, a large sum, to-wit, $3,000 and over, was justly coming to said intestate from said partnership after the payment of its debts; and the said survivors of the said intestate promised and agreed to pay all of said debts, and also

said sum so coming to said intestate, all of which matters were well known to the said claimants before they commenced the action in which they recovered the judgment aforesaid; that the claims whereon the said action and judgment were grounded accrued to the said claimants in the course of their dealing with the said partnership, and are justly chargeable against the assets thereof, and against the said survivors, and no proceedings in that behalf have been had by the said claimants; that they have asserted the said claims against the said estate of the said claimants, and not against the said survivors, in pursuance of an understanding and agreement with the said survivors in that behalf, in order thereby unduly and fraudulently to extort the said moneys from the said estate, and relieve the survivors and the said partnership assets thereof, or drive this defendant to protracted, exhaustive, and uncertain litigation."    2d.    "The Union Pacific Railroad Company, whose principal office and place of business is in the city of Omaha, in said county, is justly indebted to said copartnership in a large sum of money, more than sufficient to answer the claims herein alleged."    3d.    "The said administrator has heretofore, and more than two years ago, advertised for claims against said estate, and the time in that behalf has long since elapsed."

To this answer the defendants in error filed a general demurrer, which was sustained by the court, and the claim allowed, to which the plaintiff excepted, and brings the cause into this court by petition in error.

In the conclusion we have reached from our examination of the case, the only question necessary to be determined is, whether the judgment rendered in the district court of Pottawatomie county, Iowa, and affirmed by the supreme court of that state, is final and conclusive, and a charge upon the estate.

Creighton v. Murphy, Neal & Co.

It is well settled that a grant of letters of administration in one state or country does not confer authority upon the administrator to collect the assets of the intestate in another state or country, because his power is limited to the jurisdiction from whence he derives his authority.   The authority to administer upon assets found in another jurisdiction must be determined by the law of the place where they are situated.   Story on Conflict of Laws, Sec. 514.

The reason is, that persons domiciled and dying in one country are often deeply indebted to foreign creditors living in another country where there are personal assets of the deceased.   To permit the administrator to withdraw the assets from the foreign country without the payment of the debts would compel creditors to seek their remedy in the domicile of the principal administrator, which in many cases would be attended with serious inconvenience and expense.   Id., 512. Hence no suit can be brought by or against an administrator in his official capacity in the courts of any other country than that from which he derives his authority. In the absence of statutory provisions to the contrary, if he desire to maintain or defend a suit in another state or country, letters of administration must be taken out in the state or country where the suit is to be brought or defended.   Where different administrations are granted in different states or countries, that is deemed the principal administration which is granted in the domicile of the deceased, and any other administration which is granted in any other state or country is treated as ancillary merely, and is generally subordinate to the principal administration.   Story Conf. Laws, Sec. 518.

The reason is, the final distribution of the effects of the deceased among the heirs and distributees is to be determined by the law of his domicile.   Id.

It is said that where administrations are granted to different persons in different states they are so far independent of each other that a judgment against one will furnish no right of action against the other, to affect assets received by the latter by virtue of his own administration, because there is said to be no privity between him and the other administrator. *Stacy v. Thrasher*, 6 How., 44. *Brodie v. Beckley*, 2 Rawle, 431. *McLean v. Meek*, 18 How., 16.

The rule as to co-executors is different, because they derive the same privities from the same estate from the same will. *Goodale v. Tucker*, 13 How., 469.

The distinction between the powers of executors and administrators is more technical than real. The law of the domicile of the testator or intestate governs the title and distribution of all his personal estate wherever it is situated, and the mere fact that one derives his power to pay debts and make distribution of the estate from the will, and the other from the law, places them substantially in the same position. But whatever the rule may be as to judgments recovered against ancillary administrators upon claims filed *after* the death of the intestate, it cannot affect this case. Here an action was commenced against Edward Creighton in his lifetime, and personal service was had on him, and he appeared and filed an answer to the petition, denying the facts stated therein. He died before the trial, but the cause of action survived. Had the court not authority, upon the appointment of an administrator and the revivor of the action, to proceed with the case and render judgment? We think it had. The court had acquired jurisdiction and the death of the defendant did not oust it of that jurisdiction. The court therefore had authority to revive the action against the administrator and to hear and determine the rights of the parties, and such judgment is conclusive as to the matters in issue.

To require a plaintiff who has established his claim after a tedious and expensive litigation in Iowa to go through the same process in this state, would impose a burden upon him not required by the law.

The facts stated in the answer may be available in an action by the administrator against the surviving members of the partnership, but constitute no defense to this claim.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.