*In re* COWHAM'S ESTATE.

KNIGHT *v.* COWHAM.

1. EXECUTORS AND ADMINISTRATORS — ABATEMENT AND REVIVAL — LITIGATION IN FOREIGN STATE.

Where litigation was pending against deceased in a foreign State at the time of his death, the wife, who was appointed administratrix in this State but not in said foreign State, had no authority to appear in said litigation and revive it in her name as representative and bind the estate, since her authority is limited to the jurisdiction which appointed her.

2. ABATEMENT AND REVIVAL — EXECUTORS AND ADMINISTRATORS — REVIVAL BY REPRESENTATIVE—LITIGATION IN FOREIGN STATE.

Although the Federal district court in a foreign State, having obtained jurisdiction of deceased's person during his lifetime, could not be divested of jurisdiction by his death, the action was suspended thereby, and could only be revived by a legal representative appointed by the jurisdiction in which the action is pending.

Case-made from Jackson; Williams (Benjamin), J. Submitted February 2, 1922. (Docket No. 110.) Decided December 5, 1922.

Rachel J. Knight and others presented a claim against the estate of William F. Cowham, deceased, for the amount of a judgment against Nellie L. Cowham, administratrix of said estate. The claim was disallowed by the commissioners, and plaintiffs appealed to the circuit court. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Joseph D. Brown* and *Richard Price,* for appellants.

*Mason & Honnold* and *W. S. Cobb,* for appellee.

On right to revive suit and continue same against foreign representative of a deceased defendant over whom jurisdiction was obtained in his lifetime, see note in 15 L. R. A. (N. S.) 632.

BIRD, J.  The deceased, William F. Cowham, was a resident of the city of Jackson, in this State.  He had business interests in Oklahoma.  On November 25, 1912, plaintiffs, Rachel, Henry and Joseph Knight, filed a petition in the district court of Washington county, Oklahoma, on a contract obligation, making William F. Cowham and the Kasigan Oil, Gas & Power Company, a Michigan corporation, defendants therein.  At the same time certain property was attached in that jurisdiction as the property of, defendants.  Later defendants, Cowham and the oil company, entered their appearance and filed a petition praying for the removal of the cause to the United States district court, on the ground of diversity of citizenship.  A hearing on the petition resulted in the removal of the case to the United States district court.  Following this, and in January, 1913, William F. Cowham died, and Nellie L. Cowham, his widow, was appointed administratrix of his estate by an order of the probate court of Jackson county.  On March 12, 1913, a stipulation was filed in the district court providing for a revival of said cause against Nellie L. Cowham, as administratrix of the estate of William F. Cowham, deceased.  This stipulation was signed by the attorneys of record of both parties.  After this stipulation was filed plaintiffs amended their petition, claiming damages in the sum of $7,430.48.  Defendants answered and filed a counterclaim in the sum of $809.25.  In February, 1914, a trial was had and the jury allowed plaintiffs' claim in the sum of $3,478.14.  In May, 1916, the judgment was duly certified under the act of congress and presented to the commissioners on claims in Michigan.  Objection was made to its allowance and the same was rejected by the commissioners.  On appeal, the circuit court affirmed the action of the commissioners.  The case is now here for review in this court.

The plaintiffs insist that the district court of Oklahoma obtained jurisdiction of the defendant Cowham in his lifetime, and that after his death the stipulation of his administratrix had the effect of reviving the cause in that court. It is argued that Cowham's administratrix had the authority by reason of her appointment in Michigan to appear and bind the estate in the Oklahoma court. The point made against the validity of the judgment by defendant is the want of jurisdiction in the court which rendered it. On behalf of the estate it is said that when Mr. Cowham died the suit was suspended, and that Nellie L. Cowham had no power by her stipulation to revive the cause because neither she nor any one else had been appointed administrator of Cowham's estate in the State of Oklahoma. The argument is made that Nellie L. Cowham was appointed by the probate court of Jackson county in this State, and that she had, by reason thereof, no power to sue or defend a suit in her representative capacity outside of the jurisdiction which appointed her. Nellie L. Cowham derived her authority as administratrix from the courts of this State. The authority conferred upon her could not extend beyond the jurisdiction of Michigan. When she stepped over the State line she was divested of her representative character, and no act of hers outside of the State could bind the estate of her husband. It was said by this court in *Reynolds* v. *McMullen,* 55 Mich. 568 (54 Am. Rep. 386), that:

" 'As a result of this doctrine it is now generally held everywhere, and it is well settled in this State, that an executor or administrator appointed in another State has not, as such, any authority beyond the sovereignty by virtue of whose laws he was appointed.' Denio, J., in *Parsons* v. *Lyman,* 20 N. Y. 103, 112; citing *Morrell* v. *Dickey,* 1 Johns. Ch. (N. Y.) 153; *Vroom* v. *Van Horne,* 10 Paige (N. Y.), 549 (42 Am. Dec. 94)."

It must be conceded that the Oklahoma suit when revived must be revived in the name of a representative of the Cowham estate.    In no other way could a judgment be made binding upon the estate.    The suit could not be revived in the name of Nellie L. Cowham, as administratrix, because she was not a representative of the estate in Oklahoma, as she had not qualified as such in that State.    No one had been appointed as representative of the estate in Oklahoma, therefore, there was no one in existence in whose name the cause could be revived.

Counsel for defendant call our attention to the case of *Judy* v. *Kelley,* 11 Ill. 211 (50 Am. Dec. 455), in support of their contention.    The opinion in this case appears to have been written upon a similar state of facts.    We think it states the rule in such cases:

"This presents the question, whether a judgment recovered in another State, against an administrator appointed in this State, can be here enforced against the estate.    A grant of administration in one country, does not confer on an administrator any title to the property of the intestate, situated in another country. He had no authority over, nor is he responsible for any effects of the estate, that may be beyond the jurisdiction.    In administering the estate he acts only in reference to the effects within the jurisdiction, and the debts that may there be presented against the estate.    In his official capacity, he can neither sue nor be sued out of the country from which he derives his authority, and to which he is alone amenable.    If he wishes to reach property or collect debts belonging to the estate in a foreign country, he must there obtain letters of administration, and give such security, and become subject to such regulations as its laws may prescribe."

Another paragraph in this opinion answers one of the arguments made by plaintiffs in this case:

"But it is insisted that the plaintiffs in error, by entering their appearance to the action in Ohio, sub-

mitted themselves to the jurisdiction of the court, and cannot now question its authority to pronounce the judgment. This position would be correct if the proceedings there had been against them personally; but as respects them in their representative capacity, we think the effect is otherwise. The grant of administration in this State gave them no control over the estate in Ohio. It did not confer on them any authority to appear and defend the action— any power to go into another jurisdiction, and there permit claims to be adjudicated against the estate. Their authority is limited, and when they exceed it, their acts will not bind the estate. The appearance being wholly unauthorized by our laws, the judgment that resulted from it is not binding on the estate."

Counsel urge the argument that, inasmuch as the Federal court in Oklahoma obtained jurisdiction of Mr. Cowham's person during his lifetime, the court could not be divested of jurisdiction because of his death. This is probably true. By the common law the action would have abated, but under the statutes and rules of court of the several States the action was saved, but was suspended at Mr. Cowham's death until someone was in existence who could legally represent him and in whose name the case could be revived. If Nellie L. Cowham, as administratrix, had never participated in the proceedings the case could not have been tried until someone was suggested of record who was a representative of the deceased. This could probably have been brought about by the plaintiffs upon application to the proper court in Oklahoma. But this was not done. No one with authority acted for defendant in reviving the case, therefore, the court was without jurisdiction in rendering the judgment. The rule stated in *Judy* v. *Kelley*, *supra*, is the rule of all the cases which have been called to our attention, unless it can be said that *Creighton* v. *Murphy*, *Neal & Co.*, 8 Neb. 349, is an exception. We do not, however, read the case as an

exception to the general rule.    If the case be opposed to the general rule, it is opposed by so many cases to be found elsewhere ·that it is of little value as a precedent.    A list of the numerous cases which are in accord with *Judy* v. *Kelley* can be found in an editorial note following the case of *Braithwaite* v. *Harvey,* reported in 27 L. R. A. 101 (14 Mont. 208, 36 Pac. 38, 43 Am. St. Rep. 625).    Some of the questions involved here are also discussed in *Brown* v. *Fletcher's Estate,* 146 Mich. 401 (15 L. R. A. [N. S.] 632, 123 Am. St. Rep. 233).

.    The judgment of the trial court is affirmed.

FELLOWS, C. J., and WIEST, CLARK, SHARPE, MOORE, . and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.