LEFEBURE ET AL., APPELLANTS, *v.* BAKER ET AL.,
RESPONDENTS.

(No. 5,348.)

(Submitted November 16, 1923.  Decided December 8, 1923.)

[220 Pac. 1111.]

*Executors and Administrators—Foreign Appointment—Right to Maintain Action in State—General Demurrer—Promissory Notes—"Holder."*

Foreign Executors and Administrators—Right to Maintain Action in State not Existent.
1. *Held,* under section 10563, Revised Codes of 1921, providing that the authority of an executor or administrator does not extend beyond the territorial limits of the government under which he was appointed, that an administrator appointed in another state cannot maintain an action in the courts of this state in his representative capacity.

Same—Right to Maintain Action in State—Insufficiency of Complaint—General Demurrer.
2. The question of the right of a foreign administrator to maintain an action in the courts of this state in his representative capacity is properly raised by general demurrer, the question going to the sufficiency of the complaint to state a cause of action and not to plaintiff's legal capacity to sue, in which latter case a special demurrer lies.

Pleading—Complaint—Cause of Action—Real Party in Interest.
3. To state a cause of action, plaintiff must disclose his interest in the subject matter of the litigation, *i. e.,* he must make it appear that he is the real party in interest.

Same—Complaint—Want of Legal Capacity to Sue—Special Demurrer.
4. Want of legal capacity to sue for which under section 9131, Revised Codes, defendant may interpose a special demurrer to the complaint, means some legal disability of the plaintiff, such as infancy, coverture, idiocy, *etc.,* and does not refer to the absence of facts sufficient to constitute a cause of action or to plaintiff's relation to the subject matter of litigation.

Supreme Court not Bound by Precedents Established in Other States.
5. The supreme court in its decisions is not bound by precedents established in other states, but gives to them such consideration only as the reasoning which prompts them compels.

Pleading—General Demurrer—Challenges, What.
6. A general demurrer challenges the sufficiency of the facts alleged in the complaint to state a cause of action, including the right or interest of the plaintiff in the subject matter of the litigation.

Foreign Executor and Administrator may not in Individual Capacity Maintain Suit on Unindorsed Promissory Note Owned by Estate.
7. The mere possession of a promissory note by a foreign administrator, made payable to the order and transferred to his intestate but never indorsed, does not constitute him a holder thereof within the
69 Mont.—13

meaning of the Negotiable Instruments Law, and he is therefore not entitled to maintain an action thereon in his individual capacity but may maintain it only in his representative capacity after taking out ancillary letters.

*Appeal from District Court, Richland County; Frank P. Leiper, Judge.*

Action by Margaret M. Lefebure and others, as joint administrators of the estate of Henry Lefebure, against Paul K. Baker and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

*Mr. F. J. Matoushek,* for Appellants, submitted a brief.

The disability of a foreign administrator is not one of title but a personal incapacity to sue. (24 C. J. 1130, note 38b.) The right of appellants to come into the courts of this state goes to their "capacity" only. (Sutherland on Code Pleading, par. 3322; Pomeroy on Code Remedies, 4th ed., par. 109.) Objection to the legal capacity to sue must be raised when apparent on the face of the complaint, by a demurrer. If not apparent from the face of the pleading, by an answer. If no objection is taken either by demurrer or answer, it is deemed to have been waived. (Secs. 9131 and 1936, Rev. Codes; *Wilson* v. *Wilson,* 26 Or. 251, 38 Pac. 185; *Locke* v. *Klunker,* 123 Cal. 231, 55 Pac. 993.)

The capacity in which a plaintiff sues is not necessarily an essential element of the cause of action stated in his complaint. (*Knight* v. *Le Beau,* 19 Mont. 223, 226, 47 Pac. 952.)

The latter part of section 10563, Revised Codes of 1921, relating to executors and administrators, should be construed along the same line of reasoning as those relating to "fictitious names" and "foreign corporations." The usual provisions of Codes relating to the use of fictitious names or foreign corporations doing business within the state provide that persons doing business under fictitious names, or foreign corporations failing to comply with the requirements of the state in which they intend to do business, "shall not maintain any action

upon or on account of any contracts made or transaction had.''
(Sec. 8020, Rev. Codes 1921.) The disability imposed by
section 8020, for failure to comply with it, cannot avail a
defendant sued by copartners conducting a business under a
fictitious name, except upon affirmative allegation and proof;
it is in the nature of matter in abatement. The inhibition does
not destroy the right of action upon which recovery is sought,
but merely imposes the disability to maintain the action until
there has been compliance with the preceding section. (*Croft*
v. *Bain,* 49 Mont. 484, 143 Pac. 960; *Beamish* v. *Noon,* 76 Or.
415, 149 Pac. 522.)

This action is one which did not accrue to the decedent in his
lifetime but to the representatives after his death, and for
that reason his representatives could sue thereon in the courts
of this state in their own name, and the fact that in this
action the appellants style themselves as representatives will
not defeat the action but the designation may be disregarded
as surplusage. (24 C. J. 1131, par. 2704; *Moore* v. *Petty,*
135 Fed. 668, 68 C. C. A. 306; *Fox* v. *Tay,* 89 Cal. 339, 23
Am. St. Rep. 474, 24 Pac. 855, 26 Pac. 897; *Lawrence* v. *Law-
rence,* 3 Barb. Ch. (N. Y.) 71; *Moore* v. *Kraft,* 179 Fed. 685,
103 C. C. A. 231; *Newberry* v. *Robinson,* 36 Fed. 841; *Lewis*
v. *Adams,* 70 Cal. 403, 59 Am. Rep. 423, 11 Pac. 833, 837.)

By sustaining the contentions made by appellants, this court
will not nullify the provisions of our Codes, section 10563, nor
the numerous cases cited by the respondents and adopted by
the trial court upholding the rule ''that the authority of an
executor or administrator does not extend beyond the jurisdic-
tion of the state in which such authority was conferred.'' By
upholding the contention of the appellants, this court will
merely reconcile and uphold the rules of practice laid down
by our Code and this court.

The instant case falls squarely within the decision of *Anthes*
v. *Anthes,* 21 Idaho, 305, 121 Pac. 553, upholding the con-
tention of appellant.

*Mr. Carl L. Brattin* and *Mr. L. V. Ketter,* for Respondents, submitted a brief; *Mr. L. A. Foot,* of Counsel, argued the cause orally.

Foreign administrators cannot maintain an action in this state. (*In re Rawitzer's Estate,* 175 Cal. 585, 166 Pac. 581; *Winbigler* v. *Shattuck,* 50 Cal. App. 562, 195 Pac. 707; *In re Cowham's Estate,* 220 Mich. 560, 190 N. W. 680; *Braithwaite* v. *Harvey,* 14 Mont. 208, 43 Am. St. Rep. 625, 27 L. R. A. 101, 36 Pac. 38; *Murphy* v. *Crouse,* 135 Cal. 14, 87 Am. St. Rep. 90, 66 Pac. 971; Ross' Probate Law & Practice, 443; Story's Conflict of Laws, secs. 512, 513.)

The court was without jurisdiction of the real plaintiff in the action, the estate of Henry Lefebure, deceased. (*In re Cowham's Estate,* 220 Mich. 560, 190 N. E. 680; *Brown* v. *Fletcher's Estate,* 146 Mich. 401, 109 N. W. 686; *Johnson* v. *Powers,* 139 U. S. 156, 35 L. Ed. 112, 11 Sup. Ct. Rep. 525; *Stacy* v. *Thresher,* 6 How. (U. S.) 44, 12 L. Ed. 337 [see, also, Rose's U. S. Notes]; *McCully* v. *Cooper,* 114 Cal. 258, 55 Am. St. Rep. 66, 35 L. R. A. 492, 46 Pac. 82; *Hamilton* v. *McIndoo,* 81 Minn. 324, 84 N. W. 118; *Southern Pine Lbr. Co.* v. *Ward,* 16 Okl. 131, 85 Pac. 459.)

Appellant argues that the complaint in this case only showed a lack of capacity to sue, and that defect not having been taken advantage of by demurrer, it was waived. Respondent contends that it is more than a question of capacity; that it is a question of a cause of action, and of the jurisdiction of the court. The question of capacity to sue only goes as to the right of plaintiff to maintain the action because of some disability, such as infancy, coverture, *etc.* It presupposes the existence of a cause of action and the right to enforce it except for a present disability. In the instant case, however, the complaint discloses the absence of a cause of action. It shows the obligation sued upon is a part of the assets of a foreign estate. Our statute denies the legal existence of a cause of action in a foreign

estate; likewise it denies the right of foreign administrators to represent that estate in the courts of Montana.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint in this action contains substantially the following allegations: That on July 3, 1916, defendants executed and delivered to J. S. Green their negotiable promissory note, a copy of which is contained in the complaint; that on August 22, 1916, Green sold, assigned and transferred the note to Henry Lefebure; that on August 7, 1917, Lefebure died intestate, a resident of the state of Iowa; that on August 10, 1917, the district court of Linn county, Iowa, appointed these plaintiffs joint administrators of the estate of Henry Lefebure, deceased; that they qualified and ever since have been and now are such joint administrators; "that ever since the said tenth day of August, 1917, the plaintiffs, as such administrators as aforesaid, have been and now are the lawful owners and holders of said note," no part of which has been paid, *etc.* To the complaint the defendants interposed a general demurrer which was overruled, and thereafter they answered.

The trial of the cause resulted in a judgment for the plaintiffs, but upon motion of the defendants the court set the judgment aside and plaintiffs appealed from the order.

Primarily there is presented the question: Does the complaint state facts sufficient to support a judgment in favor of the plaintiffs? The answer to that inquiry, however, involves the consideration of two other questions, *viz.*: (1) May a foreign administrator, as such, maintain an action in the courts of this state, and (2) when the complaint discloses affirmatively that the plaintiff is a foreign administrator suing as such, is the objection to his right to prosecute the action waived by the failure of the defendant to demur specially?

1. It was a fundamental rule of the common law that the [1] authority of an executor or administrator did not extend beyond the territorial limits of the state or country in which

he was appointed. (*In re Gaynor*, L. R. 1 P. & D. 723, 12 Eng. Rul. Cas. 3; *In re Cowham's Estate*, 220 Mich. 560, 190 N. W. 680; 1 Woerner's American Law of Administration, sec. 157; 11 R. C. L., p. 432, sec. 532; 24 C. J., p. 1109, sec. 2671; *Creswell* v. *Slack*, 68 Iowa, 110, 26 N. W. 42; *Braithwaite* v. *Harvey*, 14 Mont. 208, 43 Am. St. Rep. 625, 27 L. R. A. 101, 36 Pac. 38.)    That rule has been reduced to statutory form in this state. Section 10563, Revised Codes of 1921, declares: "The effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced here by an action or special proceeding, and except, also, that the authority of a guardian or committee, or of an executor or administrator, does not extend beyond the jurisdiction of the government under which he was invested with his authority."

At the time of the enactment of this statute, the rule was recognized and enforced everywhere that unless effect was given by a local statute to a foreign appointment, a foreign executor or administrator, as such, could not maintain an action in the courts of any state other than the state in which he was appointed. In *Noonan* v. *Bradley*, 9 Wall. 394, 19 L. Ed. 757 [see, also, Rose's U. S. Notes], the supreme court of the United States announced the rule as follows: "In the absence of any statute giving effect to the foreign appointment, all the authorities deny any efficacy to the appointment outside of the territorial jurisdiction of the state within which it was granted. All hold that in the absence of such a statute no suit can be maintained by an administrator in his official capacity, except within the limits of the state from which he derives his authority. If he desires to prosecute a suit in another state he must first obtain a grant of administration therein in accordance with its laws." To the same effect is tne decision in *Johnson* v. *Powers*, 139 U. S. 156, 35 L. Ed. 112, 11 Sup. Ct. Rep. 525 [see, also, Rose's U. S. Notes]. (See, also, 12 Cal. Jur., p. 239, sec. 972.)

In 24 C. J. 1129, the same rule is stated in terms as follows:
"It is well settled that unless such right is given to him by
statute, an executor or administrator cannot sue in his repre-
sentative capacity in any state or country other than that in
which his letters testamentary or administration were granted."
The numerous authorities supporting the text will be found
cited in the notes.

The reason for the rule is stated aptly by the supreme court
of North Carolina as follows: "The rule of law which prevents
an administrator appointed in another state from maintaining
actions in his representative capacity in our courts is founded
in reason, justice and good policy. It is also founded on rea-
sons of a technical character; but the great object of the rule
is to prevent the assets being drawn out of our state, to the
injury and inconvenience of domestic creditors, our own
citizens who may have contracted with the intestate, on the
faith of those assets." (*Leake* v. *Gilchrist*, 13 N. C. 73; Story
on Conflict of Laws, sec. 512.)

In view of this rule and the reason which underlies it, it
must be held that by the enactment of section 10563, above,
this state intended to deny access to its courts to any foreign
executor or administrator who might seek to sue here in his
representative capacity.

2. This action having been begun in the district court of
[2]  Richland county, this state, the inquiry is next presented:
How may the defendants raise the question of the right of
plaintiffs as foreign administrators to maintain the action?

Plaintiffs insist that their disability is qualified and that the
question relates solely to their legal capacity to sue, hence it
could be raised only by a special demurrer (subd. 2, sec. 9131,
Rev. Codes 1921), particularly pointing out wherein they have
not the legal capacity to sue (sec. 9132), and since a special
demurrer was not interposed in this instance, the objection was
waived (sec. 9136). In the language of the Kentucky court,
we think "such a view is entire misconception of the law."

An action at law implies by its very terms the existence
[3]   of a person who has the right to bring the action (*Brooks*
v. *Boston & R. Co.*, 211 Mass. 277, 97 N. E. 760), and our
statute (sec. 9067, Rev. Codes 1921) provides: "Every action
must be prosecuted in the name of the real party in interest."
Hence it follows that an action cannot be maintained where
it appears affirmatively from the complaint that the right of
action is not in the party suing, but is in another. (*Haynes*
v. *Ezell*, 25 Miss. 242; *Hunt* v. *Monroe*, 32 Utah, 428, 11
L. R. A. (n. s.) 249, 91 Pac. 269.)

A cause of action is the right which a party has to institute
a judicial proceeding (*Dillon* v. *Great Northern Ry. Co.*, 38
Mont. 485, 100 Pac. 960), and to state a cause of action the
plaintiff must disclose his interest in the subject matter of
the litigation; or, in other words, he must make it appear that
he is the real party in interest.

It is elementary that the complaint must not only disclose
a complete cause of action against the defendant, but it must
also show a right of action in the plaintiff. (21 R. C. L. 482.)
This rule is stated in 31 Cyc. 102, as follows: "It is incumbent
upon plaintiff to allege sufficient facts to show that he is con-
cerned with the cause of action averred and is the party who
has suffered injury by reason of the acts of the defendant. In
other words, it is not enough that he alleges a cause of action
in favor of some one; he must show that it exists in favor of
himself."

In 1 Sutherland's Code Pleading, Practice and Forms, sec-
tion 223, the author says: "To say that a complaint must show
the plaintiff's right to a recovery and the defendant's liability
to the plaintiff, is merely to say that the complaint must state
facts sufficient to constitute a cause of action."

The real party in interest is the party whose right has been
invaded, the person in whom is the right of action, and it fol-
lows that if a party has no right or interest in the subject
matter in controversy, either personal or fiduciary, he cannot
state a cause of action concerning the matter. (*Baxter* v.

[69 Mont. 193.]

*Baxter,* 43 N. J. Eq. 82, 10 Atl. 814; *Id.,* 44 N. J. Eq. 298, 18 Atl. 80; 1 C. J. 982.)

The subject matter of the present controversy is the alleged debt of the defendants represented by the note set forth in the complaint.

By our statute (sec. 10563, above) this state refuses to recognize the representative capacity of these plaintiffs. The allegations that they were appointed joint administrators of the estate of Henry Lefebure, deceased, by the district court of Linn county, Iowa; that they duly qualified and ever since have been such joint administrators—are of no more efficacy than would be the allegation that they had been duly appointed janitors of a particular building in Iowa by the owner thereof. The former allegations do not connect them with the subject matter of this litigation any more than the latter allegation would.

If, then, those allegations are without any legal efficiency, they might have been stricken upon motion, and to test the sufficiency of this complaint let us assume that the references to plaintiffs' representative capacity had been eliminated, and we would have left a complaint containing the following allegations only: That the defendants executed and delivered to J. S. Green the note in question, which is payable to the order of J. S. Green; that Green sold, assigned and transferred the note to Henry Lefebure; that Henry Lefebure died; and that no part of the note has been paid. That these allegations do not state a cause of action in favor of these plaintiffs is beyond controversy.

Plaintiffs stand before our courts as private individuals only, but in their private capacity they fail to disclose any right or interest in the subject matter of the litigation. So far as appears from this record, they are mere intermeddlers. It is only in virtue of their pretended representative capacity that they claim to own or hold the note sued upon. The only right or interest asserted is the right or interest which the estate of Henry Lefebure has, and since that estate does not have

any representative who is authorized to assert its interest here, this action must fail.

In *Knight* v. *Le Beau,* 19 Mont. 223, 47 Pac. 952, this court said: "If it appears on the face of the complaint that the plaintiff is in nowise connected with the cause of action, and has clearly no right to recover on it, a general demurrer would lie." The same general rule is stated in 20 R. C. L. 700, as follows: "But the provision of a Code requiring a special demurrer to be filed when the legal capacity to sue is wanting, has no application when the pleading shows that the party plaintiff is not interested in any way in the litigation; in such a case the objection can be made by a general demurrer." (See, also, *McKenney* v. *Minahan,* 119 Wis. 651, 97 N. W. 489.)

There are, however, authorities which hold that the right of [4] a foreign executor or administrator to maintain an action involves only the question of want of legal capacity to sue (*Anthes* v. *Anthes,* 21 Idaho, 305, 121 Pac. 553; *Gregory* v. *McCormick,* 120 Mo. 657, 25 S. W. 565; *Robbins* v. *Wells,* 18 Abb. Pr. (N. Y.) 191; *Wilson* v. *Wilson,* 26 Or. 251, 38 Pac. 185; Pomeroy's Code Remedies, sec. 109); but we think they misapply the terms "want of legal capacity to sue." Those terms relate exclusively to some legal disability of the plaintiff, such as infancy, coverture, idiocy and the like, and not to the absence of facts sufficient to constitute a cause of action, or to plaintiff's relation to the subject matter of litigation. (*Berkin* v. *Marsh,* 18 Mont. 152, 56 Am. St. Rep. 565, 44 Pac. 528; Pomeroy's Code Remedies, sec. 125; 3 Words and Phrases, 2d Series, p. 64; 31 Cyc. 296; Maxwell on Code Pleading, 370.)

There is a distinct difference between capacity to sue, which is the right to appear in court, and a cause of action, which is the right to relief in court. (*Ward* v. *Petrie,* 157 N. Y. 301, 68 Am. St. Rep. 790, 51 N. E. 1002.) If the ability of the plaintiff to connect himself with the subject matter of litigation is an indispensable prerequisite to the statement of a cause of action—a proposition which appears to be affirmed by all the

authorities—then it follows from our statute (sec. 10563) that the question before us is not one relating to the plaintiffs' incapacity to sue, but to their inability to disclose any right or interest in the subject matter of the litigation.

Numerically considered, the preponderance of authority is [5] opposed to the views we have expressed; but this court is not bound by precedents established in other states. We give to the decisions of other courts such consideration only as the reasoning which prompts them compels. The reasoning employed by the Kentucky court in *Louisville & N. R. Co.* v. *Brantley's Admr.*, 96 Ky. 297, 49 Am. St. Rep. 291, 28 S. W. 477, is convincing to us, and in our judgment the decision in that case outweighs all the authorities to the contrary. (See, also, *Winfield T. Co.* v. *Maris*, 11 Kan. 128.)

It is true that whenever the plaintiff's want of legal capacity to sue appears upon the face of the complaint, the objection can be raised only by special demurrer; but it is equally true that a special demurrer does not raise the question of plaintiff's right to maintain the particular action (*Pence* v. *Aughe*, 101 Ind. 317); on the contrary a general demurrer [6] challenges the sufficiency of the facts to constitute a cause of action, including the right or interest of the plaintiff in the subject matter of the litigation. (*Pence* v. *Aughe*, above; *Louisville & N. R. Co.* v. *Brantley's Admr.*, above.) To illustrate: A. commences an action to recover damages for personal injuries, and in the course of his complaint discloses that he is under twenty-one years of age, but states a good cause of action. B. commences an action in claim and delivery. He is of legal age and without any personal disability; but in his complaint he fails to disclose that he is the owner or entitled to the possession of the property involved. In the first illustration, A. has not legal capacity to sue because of infancy, though he has a complete cause of action. The objection can be raised only by special demurrer and, unless so raised, is waived. In the second illustration, B. has legal capacity to sue, but he fails to connect himself with the subject matter of

the litigation, and for that reason fails to state a cause of action. The objection may be raised at any time, even in this court for the first time.

The correctness of our conclusion appears so plainly that but for the authorities to the contrary we would deem it unnecessary to discuss the subject.

Finally, plaintiffs insist that since this is an action upon a [7] promissory note which did not become due until after the death of Henry Lefebure, it may be maintained by them in their individual capacity, and that all references to their appointment and qualification as joint administrators may be disregarded as surplusage. The suggestion would be entitled to consideration if plaintiffs were the holders of the note.

Section 8458, Revised Codes of 1921 (sec. 51, N. I. L.), provides: "The holder of a negotiable instrument may sue thereon in his own name." Section 8402 (sec. 191, N. I. L.), declares " 'Holder' means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof, * * * 'Bearer' means the person in possession of a bill or note which is payable to bearer."

The note in controversy is payable "to the order of J. S. Green" and has never been indorsed. The allegation of the complaint is that Green "duly sold, assigned and transferred the said note and all his rights thereunder to Henry Lefebure, who then became and continued to be, until the time of his death, the owner and holder of said note." Since the plaintiffs are not the payees, indorsees or bearers of the note within the meaning of the statutes above, they are not the holders thereof, although they may have possession of the note itself.

In Bliss on Code Pleading, section 232, it is said: "In an action upon a note or bill by any one not an original party, his pleading must show the facts that give him the title."

The rule appears to be that if the note is non-negotiable, or if negotiable and payable to order, and has not been indorsed, an action thereon can be maintained by the executor or administrator only in his representative capacity and after taking

out ancillary letters. (24 C. J., p. 1132, sec. 2706; *Knapp* v. *Lee,* 42 Mich. 41, 3 N. W. 244.)

As indicated heretofore, it was incumbent upon the plaintiffs to disclose, in their complaint, that they have some right or interest in the note. (*J. I. Case T. M. Co.* v. *Simpson,* 54 Mont. 316, 170 Pac. 72.) They have failed to do so; on the contrary, they show affirmatively that they have no interest in it whatever, hence they fail to state facts sufficient to constitute a cause of action or to give the district court of Richland county jurisdiction to determine the controversy. (*Crawford* v. *Pierse,* 56 Mont. 371, 185 Pac. 315.)

The order is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Galen and Stark concur.