PARCELLS, Appellant, *v.* PRICE et al., Respondents.

(No. 8,075.)

(Submitted April 25, 1940.  Decided July 8, 1940.)

[104 Pac. (2d) 12.]

*Messrs. Blenkner & MacFarlane*, for Appellant, submitted a brief; *Mr. E. A. Blenkner* argued the cause orally.

*Mr. Neil D. Heily*, for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was brought to foreclose a chattel mortgage alleged to have been given to secure the payment of a promissory note made by defendants and payable to the order of the Columbus State Bank.

The complaint alleges that the note and mortgage were sold, assigned and transferred to plaintiff by the bank through the Superintendent of Banks as liquidating officer after the bank's insolvency and "pursuant to an order made and entered in the district court of the Thirteenth Judicial District."

The answer admits the execution of the note and mortgage, but alleges that it was executed on November 5, 1930, rather than on December 3, 1930, as alleged in the complaint and as appears on the face of the instruments. In other respects the answer was a general denial, coupled with an affirmative defense of payment. A second affirmative defense was pleaded, but this has been abandoned. The reply put in issue the affirmative allegations of the answer.

The cause was tried without a jury, resulting in findings and judgment for defendants. The court found that plaintiff failed to prove that he is the legal owner of the note and mortgage, and particularly failed to prove the title alleged in the complaint "pursuant to an order made and entered in the district court of the Thirteenth Judicial District."

The record discloses that a court order was obtained confirming the sale of assets of the bank by the liquidating agent. That order recites that the liquidating agent "having heretofore filed his petition requesting leave of this court for the superintendent of banks of the State of Montana and as such in

charge of the assets and affairs of the Columbus State Bank, Columbus, Montana, to sell for the sum of not less than $100 certain assets of said bank described as follows: 'All of the rights, title and interest of the Columbus State Bank in the promissory notes as follows:' [Here follows a description of 62 notes by giving the names of the makers and their amounts.]'' The note in question here was not described or otherwise referred to. The order authorized the sale of the notes and other property and assets ''mentioned and described in said petition and in this order hereinabove set forth and described, for the sum of One Hundred Dollars.'' As before stated, the order does not refer to the note and mortgage in question here.

Plaintiff relies upon the general rule stated in 1 Joyce, Defenses to Commercial Paper, section 601, wherein it is said that ''the makers of notes cannot defend an action on them by the indorsee on the ground that the payee had no authority to negotiate them, where the notes were duly indorsed and transferred by the payee, and the makers admit the validity of the notes.'' He also relies upon the case of *Meadowcraft* v. *Walsh,* 15 Mont. 544, 39 Pac. 914, 915, wherein this court said: ''This is substantially a plea that plaintiffs are not the real parties in interest, but that the notes belong to, and are the property of, the assignee. But, as against the defendant, the maker, the argument is not tenable. The holders of the notes are presumptively the owners, and their possession is presumptive evidence of their title, until rebutted by the defendant. * * * And until this presumption is overcome, plaintiffs are bona fide purchasers for value, have a right to sue, and are the real parties in interest. * * * Plaintiffs having bought the notes after maturity, they were, of course, transferred without prejudice to any set-off or other defense existing at the time of or before notice of the assignment. But no such set-offs or defenses are claimed, other than that the plaintiffs are not the lawful holders of the notes, with the right to sue. Accordingly it is of no importance to defendant who owns the notes, provided he is not liable to a second suit founded on the same claim.''

This rule is sound when properly applied. Under our statute "the holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument." (Sec. 8458, Rev. Codes.) But a holder is defined as "the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof." (Sec. 8402, Id.) And the "bearer" means the one in possession when payable to bearer. (Id.)

Here the note was not endorsed by the bank as such. On its face it appears to have been endorsed by S. L. Kleve, general liquidating agent for the bank. The receiver or liquidating officer of an insolvent bank can sell the assets of the bank only on court order. (Sec. 6014.137, Rev. Codes.) "A receiver, being merely a ministerial officer or instrument of the court by which he is appointed, has no original or inherent authority, and no official act of his is efficacious unless power to do it has been conferred upon him. Whatever power a receiver possesses comes from the court or from statute, and not from any of the parties, and so he has only such authority as may have been conferred upon him by statute or by proper order of the court, and such as may reasonably or necessarily be implied from such orders or from the statute by which his express power is defined." (53 C. J. 143; and see 23 R. C. L. 98.) And a pretended sale made without authority is void. (53 C. J. 205; *Ellis* v. *Little,* 27 Kan. 707, 41 Am. Rep. 434.)

This case differs essentially from that of *Meadowcraft* v. *Walsh,* supra, for in that case the endorsement of the payee appeared to be regular on the notes in question. Here the endorsement appears to have been made by the liquidating agent, and whether he had authority to do so becomes a pertinent question on the issue of the title to the note. Mere possession of the note is not always sufficient to entitle a person to sue thereon. (*Lefebure* v. *Baker,* 69 Mont. 193, 220 Pac. 1111, 1114.) In the *Lefebure Case* this court stated the rule to be that " 'in an action upon a note or bill by any one not an original party, his pleading must show the facts that give him the title.' " If the pleading must disclose the facts of title, then certainly the proof

must do likewise. And where, as here, plaintiff relies upon an endorsement made by a liquidating agent, whose authority is limited by statute and conditioned upon obtaining a court order, he must allege and prove that in making the endorsement he acted pursuant to such an order. Having failed to do so, the court was right in holding for defendants.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.